## NORRIS v. OKLAHOMA STATE BANK.

No. 21028.   Opinion Filed Sept. 6, 1932.

W. C. Duncan and Wimbish & Wimbish, for plaintiff in error.

B. C. King, W. A. Delaney, Jr., and Lowery H. Harrell, for defendant in error.

ANDREWS, J. This is an appeal by P. A. Norris, the plaintiff in error, from a judgment of the district court of Pontotoc county sustaining a demurrer of the defendant, Oklahoma State Bank, to the third amended petition of the plaintiffs P. A. Norris and P.

B. Wall, liquidating agent of the First National Bank of Ada.

The single question presented is the sufficiency of the allegations of the third amended petition.

In brief, the plaintiff's third amended petition alleged that the Merchants & Planters National Bank of the city of Ada failed; that the failure caused uneasiness in the minds of the depositors in the First National Bank of Ada and the Oklahoma State Bank of Ada; that one Jackson and one Kelly thereafter agreed to purchase and take over the Merchants & Planters National Bank provided notes and bills receivable were taken out of said bank and replaced with money; that for the purpose of enabling the Merchants & Planters National Bank to reopen its doors for business and to restore confidence, the First National Bank of Ada and the Oklahoma State Bank of Ada each agreed to purchase and take out of the Merchants & Planters National Bank notes and bills receivable and to replace the same with money, the Oklahoma State Bank to take assets aggregating the sum of $25,011.41 and the First National Bank of Ada to take assets aggregating the sum of $34,987.93; that the First National Bank of Ada and the Oklahoma State Bank of Ada agreed that those banks would pool the losses, if any, sustained by either of those banks occasioned by the purchasing of those securities; that the losses incurred by the First National Bank of Ada were approximately $15,000 in excess of the losses incurred by the Oklahoma State Bank; that the plaintiff purchased and procured an assignment from the First National Bank of Ada of its interest in the contract, and that the defendant refused to comply with the terms of the contract. The action was upon the written contract.

The plaintiff relies upon the decisions of this court in Crowder State Bank v. Aetna Powder Co., 41 Okla. 394, 138 P. 392, First Nat. Bank in Coalgate v. First Nat. Bank of Ada, 130 Okla. 149, 265 P. 1051, and decisions from other states. We do not think the decisions cited are controlling upon the issue presented. No authority is cited for a state bank to enter into a contract with a national bank to pool the losses occasioned by the operation of two banks, and we know of none. This court has held in Municipal Paving Co. v. Herring, 50 Okla. 470, 150 P. 1067, that a corporation cannot enter into a partnership agreement with an individual. The same rule is applicable to a corporation entering into an agreement with another

corporation. The contract sued upon was ultra vires and void.

It is not necessary to consider what rule should be announced had the action been upon an implied contract for benefits conferred, as held in Roxana Petroleum Co. v. Covington State Bank, 132 Okla. 221, 269 P. 1100.

The judgment of the trial court is in all things affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ. concur. CLARK, V. C. J., and SWINDALL, J., absent.